UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
EDGAR SANCHEZ,

                            Petitioner,  :  13 Civ. 3270 (PAE) (SN)

            -v-  :  OPINION & ORDER

COMMISSIONER OF SOCIAL SECURITY,

                            Respondent.
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Edgar Sanchez ("Sanchez") brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), which denied Sanchez's application for disability insurance benefits under Title II of the Social Security Act. The Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the August 15, 2014 Report and Recommendation of Magistrate Judge Sarah Netburn, recommending that the Court deny the Commissioner's motion and remand the case to the Commissioner for further development of the record. Dkt. 33 (the "Report").

      For the reasons that follow, the Court adopts the Report in full.

## I.    Background[1]

      Sanchez is a 25-year old man who has been diagnosed with the psychiatric and cognitive conditions of autism, attention deficit hyperactivity disorder (ADHD), general learning

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which neither party objects.

disorder anxiety, obsessive compulsive disorder (OCD), major depression, insomnia, and pervasive developmental disorder. Sanchez has spent his whole life living with his mother, Rosario Sanchez. Sanchez began receiving Supplemental Security Income ("SSI") benefits at the age of four and maintained the benefits until age 18.

On August 20, 2009, after his 18th birthday, Sanchez filed an application for disability benefits. After the Social Security Administration denied Sanchez's application for benefits on January 11, 2010, Sanchez timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On May 26, 2011, Sanchez, then represented by counsel, appeared for a hearing before ALJ Kenneth Bryant.

On July 22, 2011, the ALJ issued a written decision denying Sanchez's application for SSI benefits. Employing the five-step sequential evaluation process set out in 20 C.F.R. § 404.1520(a)(4),[2] the ALJ found at step one that Sanchez was not engaged in substantial gainful activity and, at step two, that Sanchez suffered from several severe impairments—namely, a learning disorder, not otherwise specified; a depressive disorder, not otherwise specified; social

---

[2] The Second Circuit has defined the five-step sequential evaluation process as follows:

> The first step of this process requires the Secretary [of Health and Human Services] to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary determines whether the claimant is capable of performing any other work.

*Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing 20 C.F.R. § 404.1520(a)(4)).

phobia; autism and spinal curvature/scoliosis.  At step three, the ALJ found that Sanchez's severe impairments did not render him *per se* disabled, as they did not meet or medically equal the specified criteria of any listed impairment.  The ALJ therefore moved to the assessment at step four, which "focuses on whether, despite a disability claimant's severe impairments, the claimant 'possesses the residual functional capacity ("RFC") to perform her past relevant work.'" *Cichocki v. Astrue*, 729 F.3d 172, 175 (2d Cir. 2013) (quoting *Perez*, 77 F.3d at 46).  The ALJ determined that Sanchez had the RFC to perform unskilled light work, so long as it did not involve working around hazardous machinery, climbing ladders, working at unprotected heights, or sustained face-to-face interactions with other people.  The ALJ then considered Sanchez's age, education, and vocational profile, along with his RFC, and concluded that Sanchez was capable of performing jobs existing in substantial numbers in the regional (Pennsylvania) and national economies, including conveyor line bakery worker, marker, and cannery worker.  The ALJ thus concluded that Plaintiff was not disabled under the Act.

      The Appeals Council denied Sanchez's application for review of the ALJ's decision on February 22, 2013, thereby rendering the decision of the Commissioner final.

      On May 5, 2013, Sanchez, proceeding *pro se*, commenced this action by filing the complaint.  On May 23, 2013, Sanchez filed an amended complaint.  On August 9, 2013, the Court referred the case to Judge Netburn. Dkt. 12.  On January 17, 2014, the Commissioner filed a motion for judgment on the pleadings, Dkt. 23, and a supporting memorandum of law, Dkt. 24.  Sanchez opposed the motion on March 14, 2014, Dkt. 30, and Sanchez's mother, Rosario Sanchez, submitted a letter on April 4, 2014, Dkt. 32.  The Commissioner did not reply.

      On August 15, 2014, Judge Netburn issued her Report and Recommendation on the Commissioner's motion for judgment on the pleadings.  *See* Report.  Judge Netburn concluded

that the ALJ erred in failing to fully develop the record and misapplying the treating physician rule.  Specifically, the Report held that the ALJ, *inter alia*, failed to (1) afford controlling weight to the opinion of Dr. Infante, the treating physician who had the longest relationship with Sanchez; (2) provide sufficient reasons for discounting or disregarding the opinions of treating physicians Dr. Infante and Dr. Gregg; (3) resolve factual ambiguities affecting the weight to be afforded to treating sources (or adequately develop the record in order to do so); (4) make clear credibility findings as to Sanchez and his mother; and (5) develop the administrative record with respect to medical reports from the treating sources and Sanchez's education records.  In light of these errors, Judge Netburn recommended that the Court deny the Commissioner's motion for judgment on the pleadings, and remand the case for further development of the record and reassessment of the evidence in accordance with the treating physician rule.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance.  *See* Report at 47.  To date, the Court has not received any objections.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y.

4

Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of Judge Netburn's extremely thorough and well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that several evidentiary gaps exist in the record, and that the ALJ committed legal error in failing to afford controlling weight to the opinion of Sanchez's treating physician. On remand, the Commissioner is directed, consistent with Judge Netburn's Report, to (1) expand the evidentiary record in pertinent areas; (2) articulate reasons, if any, for discounting the findings of treating sources or for discrediting Sanchez's description of his pain and other limitations; and (3) correct all other deficiencies noted in the Report. The Report, which is incorporated by reference herein, is therefore adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Court denies the Commissioner's motion for judgment on the pleadings, and remands the case to the Commissioner for further development of the record. The Clerk of Court is directed to terminate the motion pending at Dkt. 23 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 19, 2014
New York, New York

5